UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN WILLIAM ROMINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-903-RLM-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Nathan William Romine, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (WCC 17-06-160) in which a disciplinary hearing officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction policy B-202 on July 28, 2017. He lost 60 days of earned credit time. The Warden has filed the administrative record and Mr. Romine filed a traverse, so this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due

process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Romine was found guilty of possessing a controlled substance in violation of IDOC policy B-202, which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana

Department of Correction, Adult Disciplinary Process Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

> The Conduct Report charged Mr. Romine as follows:
>
> On June 4, 2017 at approximately 9:50 a.m. I, Lieutenant Eakins was conducting a random shakedown of N2-W1-Room 13. During the search I located an orange substance on the window sill wrapped in plastic. The substance is consistent with Suboxone. It was located under a small rock. The room was occupied at the time of the shakedown by Offender Romine and Offender Flory, Andrew #263129.

ECF 5-1 at 1.

> Offender Andrew Flory said this about the incident:
>
> All I really know is we were both there for only 2 days and they found [S]ubox[one] in the window. I know it wasn't mine. So [I'm] assuming it was not [Romine's] either.

ECF 5-3 at 1. Sergeant Sulich also provided a statement: "Conduct Report stands as written." ECF 5-4 at 1.

> The hearing officer reviewed the security video of the incident and provided this written summary:
>
> On the above date and time, I , Ofc. S. Gutierrez conducted a video review of the incident. Sgt. Sulich can be seen at 9:50:26 am going into room N2 W1 13 to conduct a search. At 9:57:13 am Lt. Eakins enters the room to assist in the search. Offender Romine is in the room during the search and can be seen having a conversation with Sgt. Sulich by the doorway at 10:14:24 am. At 10:15:43 am Sgt. Sulich and Offender Romine go back into the room. The search is concluded at 10:16:39 am. No audio available.

ECF 5-11 at 1.

3

Mr. Romine presents several grounds that he claims entitle him to habeas corpus relief. In one ground, he asserts the hearing officer didn't have enought evidence to find him guilty of violating offense B-202. A conduct report alone can be enough evidence to support a finding of guilt, McPhersonv. Bride, 188 F.3d at 786, and this conduct report was enough. Lieutenant Eakins prepared a conduct report in which he detailed his discovery of an orange substance he found during a shakedown of a room occupied by two offenders—Nathan Romine and Andrew Flory. Lt. Eakins memorialized in his report that he discovered the orange substance wrapped in plastic and hidden under a small rock on the window sill in the offenders' room. He determined the substance was consistent with Suboxone.

In addition to the conduct report, other evidence in the record documents the discovery of the orange substance. For instance, Sergeant Sulich, who helped Lt. Eakins with the search, gave a written statement in which he agreed with Lt. Eakins's description of the discovery of the substance. The hearing officer also reviewed the video footage of the incident and provided a written summary of the incident. She was able to view the details of the incident on the prison's surveillance video. And a photograph contained in the record documented the substance found during the shakedown. In sum, given Lt. Eakins's conduct report documenting the discovery of the orange substance in the offenders' room, combined with Sgt. Sulich's statement corroborating Eakins's discovery of the

4

substance, the hearing officer's written review of the video footage of the incident, and the photograph of the substance, there was more than "some evidence" for the hearing officer to conclude that Mr. Romine possessed an unauthorized controlled substance— Suboxone—in violation of offense B-202. The hearing officer's finding that Mr. Romine was guilty was neither arbitrary nor unreasonable.

Mr. Romine also argues there was insufficient evidence for the hearing officer to find him guilty because he didn't actually possess the orange substance because it was found in an open dorm or common area. He seems to think that only one person can be in possession of contraband at a time. That's not how the Indiana Department of Correction policy works. The policy defines possession as being

> … on one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet, locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

5

The Disciplinary Code for Adult Offenders. *See* http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. More than one offender can have control over a space, and more than one offender can be in possession of contraband. *See* Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Flowers v. Anderson, 661 F.3d 977, 978-981 (8th Cir. 2011) (discovery of weapons in common area of eight-man dorm constitute "some evidence" for punishment of two occupants). Because Lt. Eakins found the Suboxone hidden under a small rock on the window sill of the room occupied (even if not occupied exclusively) by Mr. Romine—under IDOC policy—he possessed the substance as it was discovered in his room in an area under his control. His contention that there was insufficient evidence to find him guilty because he did not possess the substance lacks merit.

Mr. Romine also contends there is insufficient evidence of his guilt because there is a discrepancy between the conduct report and video footage summary: the conduct report says Mr. Eakins conducted the room search at 9:50 a.m. on June 4, 2017, but the hearing officer's video summary indicates Sgt. Sulich entered the room at that time. Mr. Romine appears to be arguing that the conduct report is incorrect, but the hearing officer's video summary makes clear that Lt. Eakins also entered Romine's room and assisted with the search. There's no discrepancy

6

between the conduct report and video summary; Mr. Eakins properly issued the conduct report as a participant in the search of the cell. This contention also fails to identify a basis for habeas corpus relief.

In another ground of his petition, Mr. Romine argues his due process rights were violated because Officer Buchanan and her co-workers targeted him and retaliated against him. "[P]risoners are entitled to be free from arbitrary actions of prison officials." McPherson v. McBride, 188 F.3d at 787. Mr. Romine cites to no evidence and provides no argument from which retaliation may be inferred. Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Mr. Romine was entitled are the protections afforded by Wolff v. McDonnell, 418 U.S. 539, and any possible claim that he might have that the charge was fraudulent or false doesn't itself entitle him to federal habeas corpus relief. This ground states no basis for relief.

Mr. Romine also contends that prison officials violated his due process rights when they failed to follow a number of Department of Correction policies. He seems to claim that prison officials violated prison policies governing cell searches and shakedowns. Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and failure to follow policy isn't a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal

habeas relief") and Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Mr. Romine's claim about violations of prison policies can't be remedied in a habeas corpus petition.

Mr. Romine also raised a new claim in his traverse, but because this claim wasn't identified as a ground for relief in his petition, as required by Section 2254 Habeas Corpus Rule 2(c)(1), it's not properly before the court. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); Minniefield v. Lemmon, 333 F. App'x 131, 132 (7th Cir. 2009). Even if the ground had been properly raised in his petition, it wouldn't have been successful.

In his traverse, Mr. Romine contends his due process rights were violated because prison officials didn't test the orange substance to determine if it was an illegal substance. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. Prisoners have a right to submit relevant exculpatory evidence, but they don't have the right to create evidence that doesn't already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); Rhatigan v. Ward, 187 Fed. Appx. 889,

8

890-891 (10th Cir. 2006); and Arthur v. Ayers, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Mr. Romine's due process rights weren't violated because he had no right to the creation of evidence that didn't exist—the testing of the orange substance. This ground does not identify a basis for habeas corpus relief, either.

If Mr. Romine wants to appeal this order, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Nathan William Romine's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on January 25, 2019

   /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT